## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

| | | |
|---|---|---|
| TERRENCE T. WILLIAMS, | ) | |
| | ) | |
| Plaintiff, | ) | Case No. 18-cv-2933 |
| | ) | |
| v. | ) | Judge Robert M. Dow, Jr. |
| | ) | |
| CHIEF STUART TAYLOR, | ) | |
| | ) | |
| Defendant. | ) | |

## ORDER

Plaintiff Terrence T. Williams brings this action against Defendant Chief Stuart Taylor under 42 U.S.C. § 1983 alleging that Taylor prevented him from attending court and meeting with his attorney in violation of the Sixth Amendment. Currently before the Court is Taylor's motion to dismiss [23] the complaint pursuant to Federal Rule of Civil Procedure 12(b)(6). For the reasons explained below, the Court grants the motion [23]. Williams' complaint is dismissed. The Court will enter judgment and close the case but does not assess a strike under 28 U.S.C. § 1915(g). Pursuant to *Heck v. Humphrey*, 512 U.S. 477 (1994), this dismissal is without prejudice. Finally, the Court terminates all other pending motions as moot. Civil Case Terminated.

## STATEMENT

### I. Background

Williams is an inmate at the Western Illinois Correctional Center. [29, at 2.] At the time of the alleged events, however, he was a pretrial detainee at the Will County Adult Detention Facility ("WCADF"). [9, at 4.] Defendant was a lieutenant at the WCADF during the relevant period. [10, at 2.]

Williams was in pre-trial custody when he filed his first complaint. [23, at 1.] That complaint named his public defender and the Will County judge presiding over his case as defendants. [10, at 1.] Williams asserted that his attorney had requested that he not appear in court twice and that the judge had impermissibly denied his requests for a speedy trial. [*Id*.] After the Court dismissed the complaint for failing to state a cognizable claim on its initial screening, see [3], Williams amended his complaint to assert claims against a number of WCADF officers, asserting that they had used excessive force against him and that at least one of the officers had sexually assault him. [See generally 6.] Williams also alleged that a jail officer had required other officers to use overly-restrictive restraints to bring Williams to court and that living conditions at the jail were unsanitary. [*Id*.] The Court dismissed this first amended complaint under *George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007), because it asserted unrelated claims against multiple parties and because the newly asserted claims were completely different from Williams' original complaint. [8, at 3.] Nonetheless, the Court granted Williams one final opportunity to file a cognizable claim.

The second amended complaint, which is currently before the court, named Taylor and attorney Phillip Vil Sinour as defendants. [9, at 2]. In its initial screening order, the Court

dismissed the claims against Vil Sinour given the relief Williams sought would require the Court to interfere with an ongoing criminal proceeding, which is prohibited by *Younger v. Harris*, 401 U.S. 37 (1971). [10, at 3.] However, it did allow Williams to proceed with his claim that Taylor placed unreasonable restrictions on him while he was at the WCADF. [*Id.*] These restrictions, according to Williams, prevented him from attending court and meeting with his attorney and thus violated his Sixth Amendment right to counsel. [*Id.*]

On January 2, 2019, Taylor filed the instant motion to dismiss for failure to state a claim under Rule 12(b)(6). [23, at 1.] With that motion, Taylor also submitted the dockets from Williams' underlying state criminal proceedings, which show Williams pleaded guilty to at least one of the charges in state court and that a judgment of conviction was subsequently entered. [See 23-1, at 1.][1] Having been fully briefed, the Court now resolves the motion.

## II.    Standard

To survive a Rule 12(b)(6) motion to dismiss for failure to state a claim upon which relief can be granted, the complaint first must comply with Rule 8(a) by providing "a short and plain statement of the claim showing that the pleader is entitled to relief," Fed. R. Civ. P. 8(a)(2), such that the defendant is given "fair notice of what the * * * claim is and the grounds upon which it rests." *Bell Atl. Corp v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)) (alteration in original). Second, the factual allegations in the complaint must be sufficient to raise the possibility of relief above the "speculative level." *E.E.O.C. v. Concentra Health Servs., Inc.*, 496 F.3d 773, 776 (7th Cir. 2007) (quoting *Twombly*, 550 U.S. at 555). "A pleading that offers 'labels and conclusions' or a 'formulaic recitation of the elements of a cause of action will not do.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 555). Dismissal for failure to state a claim under Rule 12(b)(6) is proper "when the allegations in a complaint, however true, could not raise a claim of entitlement to relief." *Twombly*, 550 U.S. at 558. In reviewing a motion to dismiss pursuant to Rule 12(b)(6), the Court accepts as true all of Plaintiff's well-pleaded factual allegations and draws all reasonable inferences in Plaintiff's favor. *Killingsworth v. HSBC Bank Nevada, N.A.*, 507 F.3d 614, 618 (7th Cir. 2007). Additionally, courts construe *pro se* complaints liberally. See *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam). Evaluating whether a "claim is sufficiently plausible to survive a motion to dismiss is 'a context-specific task that requires the reviewing court to draw on its judicial experience and common sense.'" *Id.* (quoting *McCauley v. City of Chicago*, 671 F.3d 611, 616 (7th Cir. 2011)).

## III.    Analysis

Williams asserts one claim against Taylor: interference with his right to counsel in violation of the Sixth Amendment. Taylor responds that the claim is barred by *Heck v. Humphrey*, 512 U.S. 477 (1994).

When a state prisoner asserts a claim under § 1983 seeking monetary damages, "the district court must consider whether a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence * * *." *Heck*, 512 U.S. at 487. If a judgment in favor of the plaintiff would call his conviction into question, the complaint must be dismissed. *Id.* Here,

---

[1] The Court may take proper judicial notice of these facts pursuant to *United States v. Wood*, 925 F.2d 1580 (7th Cir. 1991). See, e.g., *Jimmerson v. Campbell*, 1993 WL 479053, at *1 (N.D. Ill. Nov. 18, 1993) (taking judicial of the fact of the plaintiff's convictions and the public record in those proceedings).

Taylor argues that Williams' claim is *Heck*-barred because it necessarily implies the invalidity of Williams' conviction in Illinois state court.

Taylor points to *Valdez v. Rosenbaum*, 302 F.3d 1039 (9th Cir. 2002), as clearly dispositive. In *Valdez*, a prisoner claimed that a prison official had violated his Sixth Amendment right to counsel by requiring him to obtain permission to telephone his attorney while in pre-trial detention. 302 F.3d 1039, 1049 (9th Cir. 2002). The Ninth Circuit concluded that a finding in the prisoner's favor would implicitly invalidate Valdez's subsequent conviction. *Id*. The court of appeals therefore upheld the district court's grant of summary judgment for the defendant on the basis of *Heck*. *Id*. Indeed, it appears well-established that any Sixth Amendment claim— especially those asserting that a prisoner was denied access to counsel—necessarily implicates the validity of any underlying conviction in state court and is therefore *Heck*-barred. See, e.g., *Aurelio v. Joyce*, 683 F. App'x 731, 735 (10th Cir. 2017) (noting that a finding that an officer had violated a prisoner's right to counsel would invalidate his criminal conviction); *Owens v. Agrawal*, 2015 WL 1429420, at *3 (W.D. Wis. Mar. 27, 2015) (ruling that plaintiff's alleged denial of his Sixth Amendment right to effective assistance of counsel, if true, would implicate the validity of his conviction); *Brown v. Gulash*, 2011 WL 2516765, at *2 (S.D. Ill. June 23, 2011) (stating that if the plaintiff successfully demonstrated that he was prevented from obtaining the assistance of counsel, his conviction would be invalid under the Sixth Amendment).[2]

Here, Williams asserts that Taylor violated his right to counsel by preventing him from attending court and meeting with his attorney. [See 10, at 3.] Were he to receive a favorable ruling on this claim, it would implicitly invalidate his conviction under the logic of *Valdez*. In fact, Williams appears to concede this point, explaining that he pleaded guilty to the charges against him, in part, due to the restrictions Taylor put in place while Williams was in pre-trial detention at the WCADF. [See 27, at 6.] And Williams has not shown that his conviction has been invalidated in any manner. See *Heck*, 512 U.S. at 486–87 ("[I]n order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid,[ ] a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254. A claim for damages bearing that relationship to a conviction or sentence that has not been so invalidated is not cognizable under § 1983."). Thus, the Court must grant Taylor's motion [23], dismiss Williams' complaint, and close the case.[3] However, this dismissal is without prejudice and does not prohibit Williams from filing a separate lawsuit advancing any claims not barred by *Heck*. See *Moore v. Burge*, 771 F.3d 444, 446 (7th Cir. 2014) ("The district court must modify its judgment so that any claims based on proceedings in court are dismissed without prejudice under *Heck*."). Moreover,

---

[2] The fact that Williams' conviction resulted from a plea, and not a trial, does not change the analysis. See *Burd v. Sessler*, 702 F.3d 429, 435 (7th Cir. 2012) (applying *Heck* in a case in which the conviction was the result of a plea, and not a trial).

[3] Although the Court would normally grant Williams another opportunity to amend his complaint before dismissing it, it need not do so where an amendment would be futile. See, e.g., *Tate v. SCR Med. Transp.*, 809 F.3d 343, 346 (7th Cir. 2015); *Gonzalez-Koeneke v. West*, 791 F.3d 801, 807 (7th Cir. 2015). Here, an amendment would be futile because *Heck* bars any claim, against any defendant, that asserts he or she interfered with Williams' access to counsel. See, e.g., *DuBois v. Whittler*, 2018 WL 967566, at *3 (S.D. Ill. 2018) (denying leave to amend *Heck*-barred claims).

should the *Heck*-bar to his claims eventually be lifted, Williams may then pursue any remedies available to him.

**IV.    Conclusion**

For the reasons explained above, Taylor's motion to dismiss [23] is granted. Williams' second amended complaint is dismissed. Because any amended complaint would also be *Heck*-barred, the Court will close the case and enter judgment. However, the dismissal is without prejudice. Finally, the Court terminates all other pending motions as moot. Civil Case Terminated.

Dated:  June 4, 2019

Robert M. Dow, Jr.
United States District Judge

4